ORDER OF CLARIFICATION
Justice LEEDS.
On March 4, 2004, this Court held that CNE employees ate entitled to the protections of Article XII of the Cherokee Nation Constitution (1975). We further held that when the Employee Administrative Procedures Act was passed, the Council excluded CNE employees from taking their claims to the Employee Appeals Board. As a result, CNE employees may bring suit in the JAT under Article XII *4 without exhausting administrative remedies.
On July 20, 2004, Respondent filed a Motion for Clarification asking the Court to address the following issues:
If termination is revoked based on a finding that the termination was without cause by a final unappealed decision of the Cherokee Nation Employee Appeals Review Board or by a final decision of the Judicial Appeals Tribunal, the Former Employee shall be immediately restored to Cherokee Nation employment in the same or similar job position, with pay no less than the pay received at the time of termination, and with benefits retroactive to the date of the termination; and his personnel records adjusted as may be consistent with the revocation action of the Cherokee Nation Employee Appeals Board or the Judicial Appeals Tribunal. The remedies provided herein shall be exclusive and, the Cherokee Nation expressly declines to waive sovereign immunity as to suit for recovery of any form of damages or other-type of relief other than the relief set forth herein.
The only remedies provided for in this legislation are: (1) reinstatement of employment at the same or similar job at a salary equal or higher than the salary at the time of termination; and (2) retroactive benefits.
In Cain, JAT 01-16 (2002) and Bush, JAT 01-19 (2002), this Court distinguished back pay from retroactive benefits. The Court held in both cases that the only retroactive remedy permitted by the Council was benefits. Back wages, or back pay, are not contemplated in the statute. With no legislative history to support a broader reading, it would be inappropriate for the Court to expand the statute through a more liberal reading. Should the Council intend the remedy of back wages or salary to be available to wrongfully terminated employees, the Court will defer to future legislative enactments.
1. Are CNE employees entitled to reinstatement, back pay and/or loss of benefits if they prevail in an action before this Court?
2. Are CNE employees entitled to attorney fees should they prevail?
Petitioner argues that CNE employees are entitled to all of the remedies as issue.
Petitioner correctly notes that in previous cases this Court has awarded reinstatement along with back pay and loss of benefits. Likewise, this Court has awarded attorney fees in Article XII cases. See Cantrell v. Cherokee Nation and Cherokee Nation Enterprises, JAT -97-01 (1999). Although there was a time period when this Court permitted recovery of back wages in employee appeals cases, intervening legislative enactments have limited the available remedies.
This Court has consistently upheld the Council’s power to limit damages and other remedies. For instance, in Nix v. Cherokee Nation, JAT 93-03, the Court permitted the recovery of attorney fees. The Council subsequently enacted legislation barring attorney fees. In Mauldin v. Cherokee Nation, JAT 95-01, the Court denied attorney fees based on the new legislative restriction on remedies.
On the issue of back wages, this Court permitted such a recovery in cases that arose before the effective date of 51 C.N.C.A. § 1029 (1.996).[1] Section 1029 defines and limits the available remedies:

Section 1029. Remedies for Termination Without Cause.

IT IS THEREFORE ORDERED that wrongfully terminated employees are enti- *5 tied to reinstatement and retroactive benefits only. Back wages and attorneys fees are not permitted by existing legislation

. See e.g. Nix, JAT 93-03; Mauldin, JAT 95-1; Kinnison, JAT 96-03.